UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGIS F. LUTZ, et al., | ) | CASE NO. 4:09CV2256 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CHESAPEAKE APPALACHIA, LLC, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is plaintiffs' motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment or, in the alternative, pursuant to Fed. R. Civ. P. 60(b) for relief from the judgment. (Doc. No. 70.) Defendants filed a memorandum in opposition (Doc. No. 74) and plaintiffs filed a reply (Doc. No. 75). For the reasons set forth below, the motion is **DENIED**.

The ruling which plaintiffs challenge in their motion was entered by this Court on June 18, 2010. (Doc. Nos. 68, 69.) After significant briefing and a hearing, the Court determined that the two breaches of contract alleged in the complaint (occurring in 1993 and 2000) were barred by the statute of limitations, that neither breach was a "continuing violation," that plaintiffs' non-contract and quasi-contract claims (all sounding in tort) could not stand because they arose out of the relevant contracts, and, finally, that plaintiffs' request to amend the complaint to add three additional tort claims must be denied because the amendment would be futile.

1

Plaintiffs' instant motion argues that the Court's opinion was "erroneous in two respects[.]" First plaintiffs assert that their breach of contract claims are not time-barred because, under various cases newly cited in this motion, both breaches are continuing violations. Second, plaintiffs assert that a breach of fiduciary duty claim can co-exist with a breach of contract claim if the fiduciary duties are created by the contract. Both of these arguments were made in plaintiffs' original briefing in opposition to defendants' motion to dismiss.

A Rule 59(e) motion to alter or amend a judgment may be granted only if there is (1) clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). "Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered [. . .] or to raise arguments which could, and should, have been made before judgment issued." *Caldwell v. Altriere*, No. 4:09cv1617, 2010 WL 768184, at *2 (N.D. Ohio Mar. 4, 2010) (internal citations and quotation marks omitted).

Plaintiffs do not cite any of these reasons, although broadly arguing that the Court simply got it wrong on June 18. In essence, plaintiffs are merely attempting to re-litigate issues that this Court has already considered. It is no surprise that plaintiffs disagree with this Court's decision; however, the appropriate forum to present that disagreement is the Court of Appeals.

Plaintiffs also raise Rule 60 as reason for the instant motion. A Rule 60(b) motion for relief from a judgment or order is granted only for six reasons explicitly set forth in the rule: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud [. . .], misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

The only one of these reasons that might apply, although plaintiffs did not so argue in their motion, is number 6. If plaintiffs had specifically cited this reason, it could only be to point out that relief would be justified because this Court's ruling was wrong. Again, that is a matter for the Court of Appeals.

The Court sees no reason to revisit its opinion of June 18, 2010 under either Rule 59 or Rule 60. Therefore, plaintiffs' motion (Doc. No. 70) is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 22, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**